IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

        Plaintiff,

  v.

GLINDA PAGE, Parole Officer, et al.,

        Defendants.

_____/

No. CIV.S-06-1860 LKK DAD PS

ORDER

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28

1

1  U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any
2  time if it determines the allegation of poverty is untrue, or if the
3  action is frivolous or malicious, fails to state a claim on which
4  relief may be granted, or seeks monetary relief against an immune
5  defendant.

6       A claim is legally frivolous when it lacks an arguable
7  basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319,
8  325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
9  1984). Under this standard, a court shall dismiss a claim as
10 frivolous where it is based on an indisputably meritless legal theory
11 or where the factual contentions are clearly baseless. See Neitzke,
12 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

13      A complaint, or portion thereof, should only be dismissed
14 for failure to state a claim upon which relief can be granted if it
15 appears beyond doubt that the plaintiff can prove no set of facts in
16 support of the claim or claims that would entitle him to relief.
17 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
18 Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log
19 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
20 complaint under this standard, the court must accept as true the
21 allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp.
22 Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must
23 construe the pleading in the light most favorable to the plaintiff,
24 and resolve all doubts in the plaintiff's favor. See Jenkins v.
25 McKeithen, 395 U.S. 411, 421 (1969).
26 /////

1  The court finds the allegations in plaintiff's complaint so
2 vague and conclusory that it is unable to determine whether the
3 current action is frivolous or fails to state a claim for relief.
4 The court has determined that the complaint does not contain a short
5 and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although
6 the Federal Rules adopt a flexible pleading policy, a complaint must
7 give fair notice and state the elements of the claim plainly and
8 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th
9 Cir. 1984).  Plaintiff must allege with at least some degree of
10 particularity overt acts which defendants engaged in that support
11 plaintiff's claim.  Id.

12  The complaint fails to meet these requirements.  It
13 consists of three difficult to decipher handwritten pages, along with
14 three additional pages of photocopied California statutes.  The
15 defendants named in the caption are "Sacramento Metro [Parole] Unit,"
16 "Dr. Niggat Zaka," "[Parole] Officer Glinda Page," and "[Parole]
17 Officer Ms. Williams."  (Compl. at 1.)  The body of the complaint is
18 not clear but suggests that plaintiff is a parolee subject to certain
19 mental health treatment requirements imposed by court order and that
20 plaintiff wishes to refuse that treatment.  In this regard, the
21 complaint refers to an incident during January of 2001 at the
22 "[Psych] Services North B. St. Office Clinic" where plaintiff
23 apparently refused certain mental health medications and was
24 incarcerated, but this also is not entirely clear.  (Compl. at 2.)
25 Nonetheless, no discernible federal claim for relief is alleged.
26 Therefore, the court finds that the complaint's vague allegations do

3

not amount to a short and plain statement of a claim showing that plaintiff is entitled to relief or set forth any factual allegations giving rise to federal jurisdiction. See Fed. R. Civ. P. 8(a)(1), (2).

While the complaint alleges no plausible basis for federal jurisdiction, the court recognizes that plaintiff may be attempting to bring an action under 42 U.S.C. § 1983 for the alleged violation of his civil rights. To the extent plaintiff is attempting to bring a § 1983 action the complaint does not allege how the conduct complained of has resulted in a deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez v. Dept. of Health Serv., 939 F.2d 881, 883 (9th Cir. 1991). The Civil Rights Act provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

4

causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, the court notes that the incident complained of by plaintiff apparently took place in 2001, over five years prior to the filing of the complaint.  Thus, any § 1983 claim arising from those events would appear to be untimely under the applicable one-year statute of limitations.[1]  See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)(statute of limitations for § 1983 claim is governed by period set forth in state tort law for personal injury actions).

Because of these deficiencies, plaintiff's complaint must be dismissed.  Nonetheless, the court will grant leave to file an amended complaint.  If plaintiff chooses to amend the complaint, he must set forth the grounds upon which the court's jurisdiction depends.  Moreover, the amended complaint must include clear and concise factual allegations describing the events which underlie plaintiff's claims.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the

---

[1] California's personal injury statute of limitations applicable to § 1983 actions changed from one year to two years effective January 1, 2003.  See Cal. Civ. Proc. Code § 335.1.

5

1  initial complaint no longer serves any function in the case.
2  Therefore, in an amended complaint, as in an original complaint, each
3  claim and the involvement of each defendant must be sufficiently
4  alleged.  Any amended pleading which fails to provide the necessary
5  factual description will likely be dismissed.
6        Plaintiff is forewarned that the failure to file an amended
7  complaint which complies with this order will result in a
8  recommendation that this action be dismissed.
9        Accordingly, for the reasons set forth above, IT IS HEREBY
10 ORDERED that:
11       1.  Plaintiff's request for leave to proceed in forma
12 pauperis is granted;
13       2.  Plaintiff's complaint is dismissed; and
14       3.  Plaintiff is granted twenty (20) days from the date of
15 service of this order to file an amended complaint that complies with
16 the Federal Rules of Civil Procedure and the Local Rules of Practice;
17 the amended complaint, if any, must bear the docket number assigned
18 this case and must be labeled "Amended Complaint".  Plaintiff must
19 file an original and two copies of the amended complaint.
20 DATED: December 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24 DAD:th
Ddad1\orders.prose\smith1860.ifp.lta

6